UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOSE MIGUEL OLMEDA, :
:
    Petitioner, : Civ. No. 13-6826 (RBK)
:
v. : **OPINION**
:
JORDAN HOLLINGSWORTH, :
:
    Respondent. :

**ROBERT B. KUGLER, U.S.D.J.**

## I.    INTRODUCTION

Petitioner is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner seeks the removal of a prison disciplinary finding from his prison record. For the following reasons, the habeas petition will be denied.

## II.    BACKGROUND

According to the prison discipline hearing report, on March 29, 2012, petitioner's cell was searched by a prison staff member. Petitioner's locker was searched and a white powdery substance was found. The white powdery substance tested positive for cocaine using NIK Test Kit G.

An incident report was prepared and delivered to petitioner on March 30, 2012. Petitioner was advised of his rights and stated that he was not guilty and that the substance was powder sugar. A Unit Disciplinary Committee Hearing was convened and referred the incident report to the Discipline Hearing Officer ("DHO").

Petitioner requested a staff representative and three witnesses at his disciplinary hearing. He subsequently waived his right to a staff representative at the hearing. On April 11, 2012, a disciplinary hearing was held. The initial disciplinary hearing report noted that petitioner did not request any witnesses. The DHO took petitioner's statements, which included his assertion that the substance was powder sugar, into account, along with a memorandum by a prison staff member which indicated the presence of cocaine found inside petitioner's locker during an inspection. Ultimately, on May 29, 2012, the DHO found that petitioner had possessed drugs in violation of Code 113. Petitioner received a sanction of thirty days disciplinary segregation. Furthermore, petitioner was disallowed forty days of good time credit amongst other sanctions.

Petitioner appealed this decision to the Regional Director. On July 13, 2012, the Regional Director remanded the disciplinary action for further review after it revealed some questions concerning the disciplinary process.

On August 20, 2012, an amended disciplinary hearing report was issued. The amended report now indicated that witnesses were in fact called at the disciplinary hearing and appeared. One inmate stated that he had seen petitioner put white powder on his oatmeal whenever he ate it. Another inmate stated that he did not remember ever seeing petitioner use powder sugar. A third witness was unavailable as he had been transferred. The DHO took into consideration these witnesses statements but came to the same conclusion in the amended disciplinary hearing report and found petitioner guilty of possessing of drugs in violation of Code 113. Petitioner received the same sanctions in the amended report as he had in the original report, namely thirty days disciplinary segregation and forty days loss of good time credits, among other sanctions.

Petitioner appealed the amended report to the Regional Director. The Regional Director determined that the DHO's decision was based on the greater weight of the evidence and that the sanctions were not disproportionate to petitioner's conduct.

Petitioner then appealed the Regional Director's decision to the Central Office. Ultimately, the appeal to the Central Office was rejected because it was untimely.

### III.  DISCUSSION

A.  Exhaustion

"A prisoner may challenge the execution of his sentence in a habeas petition pursuant to 28 U.S.C. § 2241." *Stanko v. Obama*, 422 F. App'x 146, 148 (3d Cir. 2011) (per curiam) (citing *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 243 (3d Cir. 2005)). Indeed, "[s]ection 2241 is the appropriate vehicle for a petitioner alleging constitutional claims when a prison disciplinary proceeding results in the loss of good time credits." *Lang v. Sauers*, 529 F. App'x 121, 122 (3d Cir. 2013) (per curiam) (citing *Queen v. Miner*, 530 F.3d 253, 254 n.2 (3d Cir. 2008) (per curiam)). "In general, inmates must exhaust administrative remedies before proceeding on a habeas petition brought under § 2241." *Pinet v. Holt*, 316 F. App'x 169, 171 (3d Cir. 2009) (per curiam) (citing *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996)). "If a petitioner fails to exhaust his administrative remedies and the administrative remedies process is no longer available to him, procedural default bars review of his claims unless he can show cause and prejudice." *Id.* (citing *Moscato*, 98 F.3d at 761).

To exhaust a DHO's decision, a petitioner initially submits an appeal to the Regional Director for the region where the inmate is currently located. *See* 28 C.F.R. § 542.14(d)(2). An inmate who is not satisfied with the Regional Director's response may submit an appeal to the General Counsel within thirty calendar days of the date the Regional Director signed the

response. *See id.* § 542.15(a). "Appeal to the General Counsel is the final administrative appeal." *Id.* A petitioner must exhaust his administrative remedies through the highest level before proceeding to file a habeas petition. *See United States v. Wynn*, 328 F. App'x 826, 829 n. 4 (3d Cir. 2009) (per curiam) ("Wynn must exhaust his administrative remedies (by waiting for the BOP to respond to his various requests for relief and then appealing any adverse decision to the highest level) before proceeding to file a habeas corpus petition[.]").

Respondent argues that petitioner did not exhaust his administrative remedies because the highest level appeal, petitioner's appeal to the Central Office, was denied as untimely. "In order to exhaust, petitioners must satisfy the procedural requirements of the administrative remedy process." *Valles v. Scism*, 435 F. App'x 97, 98 (3d Cir. 2011) (per curiam) (citing *Moscato*, 98 F.3d at 761-62). Thus, where a petitioner's administrative appeal is denied as untimely, the petitioner fails to comply with the procedural requirements of the administrative remedy process and his claims are unexhausted. *See id.*; *see also Beckford v. Martinez*, 408 F. App'x 518, 520 (3d Cir. 2010) (per curiam) (finding that where a petitioner's administrative appeals were rejected as untimely that the petitioner failed to exhaust his administrative remedies).

In this case, as previously noted, petitioner's highest level administrative appeal was rejected as untimely. Therefore, petitioner failed to exhaust his administrative remedies to pursue this § 2241 habeas petition. *See Valles*, 435 F. App'x at 98; *Beckford*, 408 F. App'x at 520. Furthermore, petitioner makes no showing of cause and prejudice to overcome his failure to exhaust his administrative remedies. *See id.* ("Absent a showing of cause and prejudice for procedural default [of administrative remedies], review of the merits of Beckford's habeas petition is barred.") (citing *Moscato*, 98 F.3d at 762). Accordingly, the habeas petition can be denied due to petitioner's failure to exhaust administrative remedies.

B. Merits

Even assuming *arguendo* that petitioner had exhausted his administrative remedies, his habeas petition can also be denied on the merits. The United States Court of Appeals for the Third Circuit has explained the relevant legal standard applicable in this case; specifically:

> Federal prisoners have a liberty interest in statutory good time credits. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *see also* 18 U.S.C. § 3624(b)(1); *Vega* [*v. United States*], 493 F.3d [310,] 317 n. 4 [(3d Cir. 2007)] . . . . "[R]evocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record." *Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (internal quotation marks and citation omitted). This standard is minimal and does not require examination of the entire record, an independent assessment of the credibility of witnesses, or a weighing of the evidence. *See Thompson v. Owens*, 889 F.2d 500, 502 (3d Cir. 1989). Rather, the relevant inquiry asks whether "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

*Lang*, 529 F. App'x at 122-23.

Petitioner first argues that there was insufficient evidence to show that he possessed drugs. Contrary to petitioner's arguments, there was "some evidence" giving rise to the DHO's finding. Specifically, evidence at the hearing indicated that a prison staff member found a substance in petitioner's locker that tested positive for cocaine. Petitioner's assertions notwithstanding, it is not the province of a federal habeas court to reweigh the evidence. *See Hill*, 472 U.S. at 455-56. In light of this positive test, petitioner's argument that there was insufficient evidence to find him guilty of the disciplinary charge is without merit. The evidence presented met the minimally stringent "some evidence" threshold.

Petitioner may also be attempting to argue that his due process rights were violated because the substance seized from his locker was not sent to an outside lab to do a chemical

analysis test. Petitioner was afforded the procedural due process protections that *Wolff* provides: specifically: (1) a written notice of the charges at least 24 hours prior to a hearing; (2) an opportunity to call witnesses and present evidence in his defense; (3) an opportunity to receive assistance from an inmate representative; (4) a written statement of the evidence relied on and the reasons for the disciplinary action; and (5) appearing before an impartial decision making body. *See Crosby v. Piazza*, 465 F. App'x 168, 171-72 (3d Cir. 2012) (per curiam) (setting forth the due process protections espoused in *Wolff*) (citing *Wolff*, 418 U.S. at 563-71). Furthermore, petitioner failed to show that he was prejudiced by the Bureau of Prison's purported failure to have the substance seized tested by an outside laboratory. *See, e.g.*, *Moles v. Holt*, 221 F. App'x 92, 95 (3d Cir. 2007) (per curiam) (stating that "a failure to conduct a prompt and thorough investigation prior to a disciplinary hearing does not rise to the level of a due process violation" and that petitioner failed to show that the alleged oversight caused him prejudice) (citing *Hill*, 472 U.S. at 454). As noted above, petitioner was given an adequate opportunity to rebut the charge at the disciplinary hearing and the amended report indicates that the DHO gave consideration to the testimony of petitioner and his witnesses.

## IV.   CONCLUSION

For the foregoing reasons, the habeas petition will be denied. An appropriate order will be entered.


DATED: February 27, 2014

                                             s/Robert B. Kugler
                                             ROBERT B. KUGLER
                                             United States District Judge